UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shenzhen Huibao Paper Products Co., Ltd., | Case No.:  1:18-cv-7603 |
| Plaintiff, | **COMPLAINT** |
| v. | **[DEMAND FOR JURY TRIAL]** |
| Florence Paper Corp., | |
| Defendant. | |

Plaintiff Shenzhen Huibao Paper Products Co., Ltd. ("Huibao"), by its attorneys, Harris Bricken, for its Complaint against defendant Florence Paper Corp. alleges as follows:

## NATURE OF THE ACTION

1.     This action arises out of multiple breaches of contract relating to the sale of merchandise.  Plaintiff Huibao is in the business of manufacturing and selling paper products. Defendant Florence Paper is a custom packaging and supply company.  Defendant Florence Paper refuses to pay Plaintiff Huibao for products Huibao provided to Florence Paper.  The total amount owed pursuant to the invoices relating to these products is at least $3,229,461.00. Despite repeated demands from Plaintiff Huibao for payment, Defendant Florence Paper has

failed to make any payments for products it received from Plaintiff and then sold to its customers.

## THE PARTIES

2.      Plaintiff, Shenzhen Huibao Paper Products Co., Ltd., is a company formed under the laws of the People's Republic of China, with its principal place of business located at Building 7, Floors 1-5, Wandi Industrial Park, Xikeng Community, Guanlan Town, Longhua New District, Shenzhen, Guangdong, China.

3.      Defendant, Florence Paper Corp., is a corporation formed under the laws of New York State, with its principal place of business located at 75 Broad Street, Suite 1903, New York, New York 10004.

## JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. §1332 because there is complete diversity between all parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court has personal jurisdiction over Defendant because Defendant is a corporation domiciled in the State of New York and it conducts business in the State of New York.

6.      Venue is proper within this Court pursuant to 28 U.S.C. §1391(b) because Defendant is organized under the laws of the State of New York with its principal place of business in New York City, from which it carries on its regular business activities.

2

## FACTS

7.  Plaintiff Huibao is in the business of manufacturing and selling paper products.

8.  Defendant Florence Paper is a custom packaging and supply company.

9.  In or around 2014, Defendant Florence Paper started requesting Plaintiff Huibao manufacture custom designed paper bags, paper boxes, and other paper products, and ship those products to Defendant.

10.  The standard ordering process between Florence Paper and Huibao is described as follows:

(1)  Florence Paper places a purchase order with Huibao (each a "Master PO") requesting Huibao manufacture and ship certain paper products to Florence Paper.

(2)  Each Master PO contains terms relating to product type, specifications, price, quantity, payment, and delivery, among other things. True and correct copies of example Master POs are attached hereto as Exhibit A.

(3)  If Huibao accepts a Master PO, the Master PO becomes final. If Huibao rejects a Master PO or proposes changes to a Master PO, the parties negotiate the terms and then finalize the corresponding Master PO.

(4)  Once a Master PO is finalized, Plaintiff Huibao manufactures and ships the products pursuant to agreed-upon terms.

(5)  The merchandise under each Master PO may be manufactured and delivered in multiple shipments.

(6)  With each shipment, Huibao issues an invoice reflecting the item types, quantity, price, and payment terms for the products shipped.

(7)   Defendant Florence Paper is required to pay for products shipped by telegraphic transfer within 30, 60, or 120 days after the date of the bill of lading pursuant to the applicable Master PO, but never later than 120 days after the date of the bill of lading.

11.   Plaintiff Huibao has delivered the products ordered to the ports indicated by Defendant Florence Paper and issued corresponding invoices for each shipment.  Below is a list of those invoices reflecting the products ordered by and provided to Florence Paper, along with the costs of those products (the amounts have been rounded for readability and ease of calculation):

| No. | Invoice No. | Amount | Date |
|---|---|---|---|
| 1 | HFB458 | $ 42,840.00 | 7/8/16 |
| 2 | HFB459 | $ 35,092.00 | 7/12/16 |
| 3 | HFB461 | $ 29,988.00 | 7/20/16 |
| 4 | HFB462 | $ 34,356.00 | 7/21/16 |
| 5 | HFB520 | $ 35,092.00 | 11/3/16 |
| 6 | HFB521 | $ 35,092.00 | 11/3/16 |
| 7 | HFB523 | $ 42,450.00 | 11/3/16 |
| 8 | HFB524 | $ 32,493.00 | 11/17/16 |
| 9 | HFB525 | $ 32,704.00 | 11/17/16 |
| 10 | HFB526 | $ 33,000.00 | 11/18/16 |
| 11 | HFB528 | $ 37,782.00 | 11/22/16 |
| 12 | HFB530 | $ 42,840.00 | 12/1/16 |
| 13 | HFB531 | $ 35,092.00 | 12/1/16 |
| 14 | HFB532 | $ 42,840.00 | 12/1/16 |
| 15 | HFB533 | $ 35,092.00 | 12/1/16 |
| 16 | HFB534 | $ 26,240.00 | 12/6/16 |
| 17 | HFB536 | $ 63,036.00 | 12/26/16 |
| 18 | HFB537 | $ 36,601.00 | 12/26/16 |
| 19 | HFB538 | $ 36,540.00 | 1/3/17 |
| 20 | HFB539 | $ 42,840.00 | 1/11/17 |
| 21 | HFB540 | $ 41,692.00 | 1/3/17 |
| 22 | HFB541 | $ 42,840.00 | 1/11/17 |

| 23 | HFB542 | $ | 35,092.00 | 1/3/17 |
|----|--------|---|-----------|--------|
| 24 | HFB543 | $ | 21,465.00 | 1/18/17 |
| 25 | HFB544 | $ | 35,092.00 | 2/6/17 |
| 26 | HFB545 | $ | 42,840.00 | 2/13/17 |
| 27 | HFB546 | $ | 42,066.00 | 2/13/17 |
| 28 | HFB547 | $ | 42,840.00 | 2/20/17 |
| 29 | HFB548 | $ | 35,092.00 | 2/21/17 |
| 30 | HFB549 | $ | 37,298.00 | 2/27/17 |
| 31 | HFB550 | $ | 3,780.00 | 3/27/17 |
| 32 | HFB551 | $ | 6,291.00 | 4/1/17 |
| 33 | HFB552 | $ | 49,455.00 | 4/5/17 |
| 34 | HFB553 | $ | 50,184.00 | 4/13/17 |
| 35 | HFB554 | $ | 50,184.00 | 4/13/17 |
| 36 | HFB555 | $ | 42,635.00 | 4/13/17 |
| 37 | HFB556 | $ | 43,016.00 | 4/13/17 |
| 38 | HFB557 | $ | 43,016.00 | 4/19/17 |
| 39 | HFB558 | $ | 43,016.00 | 4/19/17 |
| 40 | HFB559 | $ | 50,184.00 | 4/26/17 |
| 41 | HFB560 | $ | 18,150.00 | 4/26/17 |
| 42 | HFB561 | $ | 50,184.00 | 5/2/17 |
| 43 | HFB562 | $ | 40,760.00 | 4/26/17 |
| 44 | HFB563 | $ | 43,016.00 | 5/3/17 |
| 45 | HFB564 | $ | 39,378.00 | 4/26/17 |
| 46 | HFB574 | $ | 45,165.00 | 5/29/17 |
| 47 | HFB575 | $ | 37,350.00 | 7/26/17 |
| 48 | HFB576 | $ | 29,700.00 | 8/2/17 |
| 49 | HFB577 | $ | 38,714.00 | 8/2/17 |
| 50 | HFB578 | $ | 39,609.00 | 8/15/17 |
| 51 | HFB579 | $ | 38,714.00 | 8/23/17 |
| 52 | HFB580 | $ | 45,165.00 | 8/23/17 |
| 53 | HFB581 | $ | 35,708.00 | 8/25/17 |
| 54 | HFB582 | $ | 45,165.00 | 8/23/17 |
| 55 | HFB583 | $ | 7,010.00 | 9/6/17 |
| 56 | HFB584 | $ | 43,227.00 | 9/7/17 |
| 57 | HFB585 | $ | 49,284.00 | 9/11/17 |
| 58 | HFB586 | $ | 47,172.00 | 9/11/17 |
| 59 | HFB587 | $ | 38,829.00 | 9/13/17 |
| 60 | HFB588 | $ | 39,012.00 | 9/26/17 |

| 61 | HFB589 | $ | 33,600.00 | 6/22/17 |
|----|--------|---|-----------|---------|
| 62 | HFB590 | $ | 42,934.00 | 9/19/17 |
| 63 | HFB591 | $ | 38,714.00 | 9/21/17 |
| 64 | HFB592 | $ | 45,765.00 | 9/21/17 |
| 65 | HFB593 | $ | 29,242.00 | 9/26/17 |
| 66 | HFB594 | $ | 41,664.00 | 9/26/17 |
| 67 | HFB595 | $ | 45,165.00 | 8/25/17 |
| 68 | HFB596 | $ | 41,669.00 | 9/26/17 |
| 69 | HFB597 | $ | 42,047.00 | 9/26/17 |
| 70 | HFB598 | $ | 29,700.00 | 8/2/17 |
| 71 | HFB599 | $ | 35,255.00 | 9/26/17 |
| 72 | HFB600 | $ | 45,165.00 | 10/10/17 |
| 73 | HFB601 | $ | 40,324.00 | 10/28/17 |
| 74 | HFB602 | $ | 40,881.00 | 10/28/17 |
| 75 | HFB603 | $ | 42,523.00 | 10/28/17 |
| 76 | HFB604 | $ | 19,342.00 | 10/30/17 |
| 77 | HFB605 | $ | 385.00 | 10/30/17 |
| 78 | HFB606 | $ | 17,017.00 | 10/30/17 |
| 79 | HFB607 | $ | 20,317.00 | 10/30/17 |
| 80 | HFB608 | $ | 34,952.00 | 11/15/17 |
| 81 | HFB609 | $ | 11,400.00 | 11/20/17 |
| | **Total:** | **$** | **2,979,461.00** | |

12.     In breach of the agreed upon payment terms under each Master PO and despite having been provided with the invoices, Defendant Florence Paper did not make any payment after receiving and accepting delivery of the products under the above stated invoices.

13.     In addition to the invoices listed in paragraph 11 above, Florence Paper had deducted $250,000.00 from amounts payable to Huibao under other invoices between 2015 and 2016, claiming it was entitled to do so because it had offered a rebate of $250,000.00 to one of its end customers.  Huibao never agreed to this deduction.

14.     In March 2018, Cathleen Luo, an employee of Huibao, met in Hong Kong with Steve Shamah, president of Florence Paper, to discuss payment of old invoices, but Florence Paper neglected to make any payments following that meeting.

6

15.     Huibao repeatedly requested payment from Florence Paper.  On or about May 12, 2018, Cathleen Luo from Huibao sent an email to Lee Lockley, an employee of Florence Paper, asking whether Florence Paper could pay at least $100,000 the next week. A true and correct copy of that email is attached hereto as Exhibit B.

16.     On or about May 17, 2018, Cathleen Luo emailed Mr. Shamah stating that "[w]e really need some old payments as we talked before."  In response, Mr. Shamah stated that he had to "find the best way to pay ALL to you (Huibao)."  A true and correct copy of these two emails are attached hereto as Exhibit C.

17.     On or about June 11, 2018, Mr. Shamah stated in a conversation with Cathleen Luo via the instant messaging service WhatsApp that "I am not going to send [any payment] now until we agree."  True and correct copies of screenshots of this conversation are attached hereto as Exhibit D.

18.     Despite Huibao's repeated demands, Florence Paper refused and/or failed to make any payments for the products it received and accepted from Huibao.

## FIRST CAUSE OF ACTION

### (Breach of Contract)

19.     Plaintiff Huibao incorporates all numbered paragraphs set forth above.

20.     The finalized Master POs constitute multiple contracts for sale of products between Florence Paper and Huibao.

21.     Chinese law presumptively applies to the contracts of sale between Huibao and Florence Paper.

22.     Huibao performed its contractual obligations by manufacturing and shipping the products Florence Paper requested on the Master POs.

23.     Florence Paper accepted Huibao's product deliveries.

24.     Despite Huibao's repeated demands for payment, Florence Paper has failed to pay for the products it accepted from Huibao.

25.     Among other things, Florence Paper's POs and Huibao's invoices constituted contracts between Plaintiff Huibao and Defendant Florence Paper.

26.     Florence Paper breached its contracts with Huibao.

27.     As a result of Florence Paper's breaches of its contracts with Huibao, Huibao has suffered economic damages in an amount to be determined at trial, but no less than $3,229,461.00.

## SECOND CAUSE OF ACTION

### (Account Stated)

28.     Plaintiff Huibao incorporates all numbered paragraphs set forth above.

29.     By sending corresponding invoices and emails reminding Defendant of payment, Plaintiff Huibao regularly rendered statements of account for the products to Defendant Florence Paper.

30.     Defendant Florence Paper accepted the account as correct and agreed to pay as it did not object to the account within a reasonable time.  In addition,  Mr. Shamah stated in his email to Cathleen Luo at Huibao that Florence Paper would pay "ALL" to Huibao (see Exhibit C).

31.     Defendant has failed to pay the full amount owed, despite Plaintiff's repeated demand for payment.

32.     Defendant is now indebted to Plaintiff under the account stated in the sum of $3,229,461.00, and Plaintiff is entitled to recover that sum.

## THIRD CAUSE OF ACTION

### (Unjust Enrichment)

33.     Plaintiff Huibao incorporates all numbered paragraphs set forth above.

34.     In the unlikely event this Court determines no contract or account existed between Huibao and Florence Paper, Plaintiff Huibao pleads a claim of unjust enrichment in the alternative.

35.     Defendant Florence Paper has derived substantial financial benefits by accepting products manufactured and shipped by Plaintiff Huibao.

36.     Equity and good conscience require Florence Paper's restitution of the benefits it unjustly received in the amount of the reasonable value of the products, but an amount no less than $3,229,461.00.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Huibao respectively requests this Court enter a judgment against Defendant Florence Paper as follows:

1.     For compensatory, consequential damages, and incidental damages in an amount to be determined at trial, but in any event not less than $3,229,461.00;

2.     For Plaintiff's attorneys' fees and costs of this action;

3.     For pre-judgment interest; and

4.     For such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Huibao hereby demands a trial by jury on all issues so triable of right.

DATED this 6th day of August, 2018.

                              HARRIS BRICKEN

                              _____
                              John Rapp, SDNY #8600
                              600 Stewart Street, Suite 1200
                              Seattle, WA 98101
                              Telephone: 206-224-5657
                              Facsimile: 206-224-5659
                              john.rapp@harrisbricken.com
                              *Attorneys for Plaintiff Shenzhen Huibao Paper*
                              *Products Co., Ltd.*